**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELVIN NOEL LOPEZ HERRERA (A No. 209-437-630),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-06880-JLT-SAB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Elvin Noel Lopez Herrera is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Honduras. (Doc. 9-1 at 1.) In October 2016, Petitioner entered the United States where he was encountered by Customs and Border Protection. (*See* Doc. 11-1 at 2; Doc. 9-6 at 3.) Department of Homeland Security conducted a custody evaluation and determined that Petitioner would be detained pending a final administrative determination in his case. (Doc. 11-1 at 4.) Sometime thereafter, Petitioner was released from DHS custody. (*See* Doc. 11 at 1

(explaining that Petitioner was "previously detained" by immigration officials upon entry into the United States and later granted "initial release".) According to Petitioner, for the following nine years while living in the United States, he "ha[s] done things right and [] ha[s] no criminal record." (Doc. 1 at 5.) Respondents offer no argument or evidence to the contrary. (*See* Doc. 9 at 1; Doc. 9-1 at 2; Doc. 9-6 at 1–3.) Sometime in 2020, Petitioner submitted an I-589 application for asylum, which remains pending. (Doc. 1 at 5; Doc. 9-1 at 2.) On August 5, 2026, Immigration Customs and Enforcement arrested Petitioner during a targeted enforcement action. (Doc. 9-1 at 2.) At that time, DHS issued an I-200 administrative warrant for his arrest and a notice of custody determination. (Doc. 9-2 at 1; Doc. 9-4 at 1.) DHS also issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 9-3 at 1.) Petitioner is not subject to a final order of removal.[1] Petitioner was subsequently transferred to the California City Detention Facility, where he remains. (Doc. 1 at 2.)

On August 28, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his due process rights have been violated. (Doc. 1 at 12–13.) On September 21, 2026, Respondents filed an opposition arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), but conceding that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) Petitioner is entitled to a custody redetermination hearing before an Immigration Judge. (Doc. 9.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[1] Upon entering Petitioner's A-Number into EOIR's website, the automated case information confirms that removal proceedings are ongoing with no removal order in place. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 5, 2026).

## III. DISCUSSION

Petitioner claims that his ongoing detention violates his due process rights. (Doc. 1 at 12.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 9 at 1.) Courts nationwide, including this one, have rejected Respondents' legal position and found DHS's policy unlawful. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (finding that § 1226(a), not § 1225(b), governs the detention of a similarly situated petitioner); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or

danger to the community, such that physical custody is legally justified[2];

3. The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

4. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _October 5, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.